Hugo PETERSEN–PALMA, aka Hugo Leonel Petersen Palma, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 12–72776.

United States Court of Appeals, Ninth Circuit.

Submitted June 1, 2015.

Resubmitted April 28, 2016.*

Filed April 28, 2016.

Mariana Lotfy Hanna, Law Offices of Mariana L. Hanna, San Diego, CA, for Petitioner.

Derek C. Julius, Katherine Ann Smith, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland

Security, San Francisco, CA, for Respondent.

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and KORMAN,** Senior District Judge.

MEMORANDUM ***

Hugo Petersen–Palma, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the denial of his application for withholding of removal under INA § 241(b)(3)(A) and deferral of removal under the Convention Against Torture ("CAT").[1] We review for substantial evidence the factual findings underlying the BIA's denial of both bases for relief from removal. *See Aguilar–Ramos v. Holder,* 594 F.3d 701, 704 (9th Cir.2010) (CAT); *Zetino v. Holder,* 622 F.3d 1007, 1012 (9th Cir.2010) (withholding of removal). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

I

Substantial evidence supports the BIA's denial of withholding of removal. Petersen–Palma failed to establish that "it is more likely than not that he would be subject to persecution" on account of a

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We held this case in abeyance while the United States District Court for the Southern District of California adjudicated Petersen–Palma's claim to United States citizenship. Because the district court concluded that Petersen–Palma is a citizen of Guatemala, not of the United States, we now reach Petersen–Palma's remaining claims for relief from removal. *See Petersen–Palma v. Lynch,* No. 3:15–cv–1313–H–JMA (S.D.Cal. Dec. 16, 2015).

protected ground. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) (quoting *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). Tattooed former gang members do not constitute a particular social group, *Arteaga v. Mukasey,* 511 F.3d 940, 945–46 (9th Cir. 2007), and resisting gang recruitment alone does not constitute a protected political opinion, *Santos–Lemus v. Mukasey,* 542 F.3d 738, 747 (9th Cir.2008), *abrogated on other grounds by Henriquez–Rivas v. Holder,* 707 F.3d 1081 (9th Cir.2013) (en banc). Petersen–Palma cannot avoid these precedents by solely reframing the issue as one of imputed political opinion. *See Pagayon v. Holder,* 675 F.3d 1182, 1191 (9th Cir.2011) (per curiam).

## II

Substantial evidence supports the BIA's denial of deferral of removal under CAT. The BIA considered all the evidence, including Petersen–Palma's testimony and the State Department country condition report. *See Cole v. Holder,* 659 F.3d 762, 771–72 (9th Cir.2011) (remanding where BIA failed to consider evidence regarding gang-related violence directed toward individuals with gang-related tattoos). Almost all of the evidence Petersen–Palma provided was either speculative or addressed gang-related violence directed toward youth. That evidence does not compel the conclusion that it is "more likely than not" that Petersen–Palma, who is over forty-five years old, will be tortured upon removal either by or with the acquiescence of the Guatemalan government. *See Andrade v. Lynch,* 798 F.3d 1242, 1245 (9th Cir.2015) (per curiam) (concluding that Ninth Circuit precedent "does not establish that any tattoos are enough to justify

Convention Against Torture relief"); *United States v. Reyes–Bonilla,* 671 F.3d 1036, 1051–52 (9th Cir.2012) (concluding that petitioner failed to establish the type of widespread gang-related abuse in Guatemala "that would support CAT relief based on country conditions alone").

**PETITION DENIED.**